State of **MINNESOTA**, Plaintiff,

v.

**PHARMACIA CORPORATION,**
**Defendant.**

**No. CIV.A. 03–10069–PBS.**

United States District Court,
D. Massachusetts.

Aug. 20, 2003.

---

**11.** 16 U.S.C. §§ 1821–24.

**12.** 16 U.S.C. §§ 1826–1826g.

**13.** 16 U.S.C. §§ 1851–1854.

**14.** *See Davrod v. Coates,* 971 F.2d 778, 786–87 (1st Cir.1992).

Michael J. Vanselow, Minnesota Attorney Generals Office, St. Paul, MN, for Plaintiff.

John C. Dodds, Morgan Lewis & Boskius, LLP, Philadelphia, PA, James Lloyd Volling, Faegre & Benson, Minneapolis, MN, for Defendants.

### *MEMORANDUM AND ORDER*

SARIS, District Judge.

### DISCUSSION

Defendant Pharmacia Corporation moves for reconsideration of the Court's June 11, 2003 Order remanding this suit back to state court in Minnesota. Pharmacia's principal argument is that the Court misinterpreted the Supreme Court's decision in *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), by holding that "[u]nder *Merrell Dow,* where a state-law claim includes as a necessary element the violation of a federal statute, the federal statute must provide a private remedy for violation of that standard, for federal-question jurisdiction to obtain." *Montana v. Abbot Labs.,* 266 F.Supp.2d 250, 255–56 (D.Mass.2003).

The linchpin of Pharmacia's argument is *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In that case, the Supreme Court stated that federal-question jurisdiction obtains where "a well-pleaded complaint establishes either that federal law creates the cause of action *or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Id.* at 27–28, 103 S.Ct. 2841 (emphasis added). Pharmacia argues that Minnesota's suit qualifies under the second prong of *Franchise Tax* 's federal-question test, as this Court has found that "an essential element of Minnesota's [state-law] *parens patriae* claims is proof of a discrepancy between the [average wholesale prices ("AWPs")] reported by Pharmacia and the meaning of AWP under the [federal] Medicare statute." *Montana v. Abbot Labs.,* 266 F.Supp.2d at 254.

In rejecting an argument much like Pharmacia's, the *Merrell Dow* Court defined precisely when a federal statutory element of a state-law claim constitutes a "substantial" question of federal law:

> [P]etitioner contends that the case represents a straightforward application of the statement in *Franchise Tax Board* that federal-question jurisdiction is appropriate when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." 463 U.S. at 13, 103 S.Ct. at 2848. *Franchise Tax Board,* however, did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction....
>
> Far from creating some kind of automatic test, *Franchise Tax Board* thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction. Given the significance of the [parties'] assumed congressional determination to preclude federal private remedies [for a branding standard in the

Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* (1982 ed. and Supp. III) ], the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system. This conclusion is fully consistent with the very sentence [from *Franchise Tax Board* ] relied on so heavily by petitioner. *We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.*

*Id.* at 813–14, 106 S.Ct. 3229 (emphasis added). The Supreme Court added: "We do not believe the question whether a particular claim arises under federal law depends on the novelty of the federal issue." *Id.* at 817. *Merrell Dow* ended with an unambiguous coda:

> We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, law, or treaties of the United States." *Id.* at 817, 106 S.Ct. 3229 (quoting 28 U.S.C. § 1331 (federal-question statute)).

*Id.* at 817, 106 S.Ct. 3229.

While the circuit caselaw is not unanimous on the sweep of *Merrell Dow,* the First Circuit and a number of other courts read *Merrell Dow* as an instruction to remand state-law claims like Minnesota's, where the right to relief depends on the application of a federal statute that does not provide a private remedy. *See Montana v. Abbot Labs.,* 266 F.Supp.2d at 256 (collecting cases).

Defendants urge the Court not to view *Merrell Dow* as a universally-applicable catapult to state court. Indeed, it is not: While *Merrell Dow* applies to state-law claims for which the violation of a federal *statute* is a necessary element, it does not constrict federal jurisdiction over state-law claims that assert federal *constitutional* challenges.[1] *See, e.g., City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 159–74, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (affirming removal of state suit containing claims under state administrative-review law that local administrative action violated the United States Constitution); *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 195–202, 41 S.Ct. 243, 65 L.Ed. 577 (1921) (where plaintiff brought state suit to enjoin company from investing in federal farm-loan bonds on the ground that the congressional act authorizing the bonds was unconstitutional, affirming federal jurisdiction). Nor, under First Circuit precedent, does *Merrell Dow* impede federal jurisdiction over state-law claims housing federal *contract* issues. *See Almond v. Capital Props., Inc.,* 212 F.3d 20, 22 (1st Cir.2000) (stating that removal on federal-question ground "appears to be a correct position ... because the complaint necessarily presents and turns upon the interpretation of a contractual obligation to the United States"). Here, however, plaintiff's claims do not raise challenges based on the

---

1. *Popular Democratic Party v. Commonwealth of Puerto Rico,* a case relied on by Pharmacia, falls into this category. *See* 24 F.Supp.2d 184, 195 (D.P.R.1998) (denying motion to remand suit in which "[t]he issue raised, while labeled by plaintiffs in [state-constitutional-law] terms, is inescapably and in reality one about the power of Congress to legislate for the island pursuant to the Territorial Clause [of the United States Constitution]").

United States Constitution or a federal contract.

## ORDER

Pharmacia's Motion for Reconsideration, or in the Alternative, for Certification of an Interlocutory Appeal (Docket No. 393 in Civil Action No. 01–12257 (consolidated action)) is **DENIED.** The Court **OR-DERS** Civil Action Number 03–10069–PBS remanded to District Court in the Fourth Judicial District, County of Hennepin, Minnesota.